The opinion of the Court was delivered by

Mr- Justicy Gantt.

The important facts embraced in this-case are, that the negro Charles was, by the will of Wm. Hutt, has former master, set free: That the executors in pursuance thereof, assented to his going at large: That he did so for years, and was considered a freeman: That lie was not inventoried as a part of the estate: That the executors never did, nor does the surviving executor now consider him as composing a part of the estate: That the estate will be able to pay debts. Whether, tinder all these cir- *22 cumstanc.es, Charles is to be considered a freeman, is the question? By the will, freedom was bestowed upon Charles, and the executors, by their assent, put him in possession of it. In principle, it is analogous to the payment of a legacy or the release of a debt on the part of the executors. Executors have that power, and if fairly exercised, no third person lias a right to call the act in question.
Suppose the testator had, by a deed of manumission (and the will may be considered in that light) bona fide given freedom to Charles. Could the act have been avoided by creditors, after the lapse of time which intervened in this case? I should hold it impossible. There is something palpably irregular and wrong in seizing upon and selling this man under the execution, without a previous investigation of his claims under the will and the executors assent thereto.
It is a species of administration upon the supposed property of an estate, unknown to the law. The regular course would have been to have caused this man Charles to be included in the inventory; or by some act of the law, to have rendered' him amenable to the demands of creditors, and this at the instance of the executors. But the executors had no agency in this transaction. The evidence of Mr. Templeman shews very satisfactorily, that the estate will be sufficient to pay the debts. Why should this creditor therefore have invaded the sanctuary of freedom, to come at his rights? I think that the verdict in this case is supported by law, and that it cannot be' disturbed.
The motion is refused. —
Richardson and Johnson, Justices, concurred.
I agree that there should be a new triah — C. J. Cohoch-. -